Our next case this morning is Vargas v. Cook County. Mr. Casper. Good morning, Your Honors. Cass Thomas Casper, alongside my partner Christopher Cooper, for all plaintiffs' appellants in this matter. I want to start off by quoting a section from the Archie v. City of Racine case, which is a 1988 case from this jurisdiction, where the court observed about the Due Process Clause that, while it does not forbid negligent state deprivations, the court recognizes that the Constitution forbids deliberate, unauthorized deprivations. According to the Due Process Clause, what is the correct term of membership on a state law board or commission? There is no such term contained within the Due Process Clause. Indeed not. Yes, I agree. And why isn't that the end of this case? Because, as the language I just quoted from Archie demonstrated, this case does not allege a mere, single, isolated, technical violation of a state law, but a rampant, widespread, intentional. Fine. Then you have a very good remedy in state court. However, that would be. Look, I can't count high enough to know the number of times the Supreme Court has said that a violation of state law cannot be used as a basis for relief under 1983. Six months ago, we had a case identical to yours and viewed it as so frivolous that we resolved it in an unpublished opinion. How do you get around what seems to me at least 150 years of Supreme Court adverse precedent? Because, first of all, if Your Honor is referring to the Campos case, there was no procedural due process. I'm referring to Snowden v. Hughes, Davis v. Scherer, Arambanc opinion, and Archie v. Racine. I could cite them at length. The difference here is. And they're all nine to nothing, by the way. The difference here is that under the Michalowicz v. Village of Bedford Park and Lawling v. Patterson line of cases, those cases are from this jurisdiction and they recognize that repeated violations of laws, ordinances, local state acts, can amount to violations of due process if there's no adequate state law remedy. And that there is the unique feature of this case and why this case is still here. If the Merit Board makes – I don't grant the premise – but if the Merit Board makes a decision, it's subject to review in state court, your contention that there's no adequate state remedy seems to come from the fact that the state courts don't agree with your position about what state law requires. That is not quite correct, Your Honor, because our position – Some of your own clients have litigated and lost in state court on the merits. But those decisions are void both at the level of the Merit Board – No, they are not void. You have confused the question of the jurisdiction of the state courts with the jurisdiction of the Merit Board. If the Merit Board is operating in a complete lawless zone, the Illinois courts can correct it, and there's no jurisdictional problem in the Illinois judiciary. The issue is that if the underlying agency decision is void, and this is Illinois law, then the ARL decision reviewing that void decision is also void. Then the what decision? The what decision? If the agency decision, the board decision in this case, if that's void – You said ARL. I have no idea what you're talking about. The administrative review law. My apologies. In Illinois law, if the underlying Merit Board decision is void, the administrative review law circuit court decision reviewing it is also void. But I want to get to the unique feature of this case, which is why we have brought it this far. What decision of the Supreme Court of Illinois says that the circuit courts cannot review void decisions of administrative agencies in Illinois? At this time, there is no – The way you answer that question is with a citation. I don't have a – What decision of the Supreme Court of Illinois holds the proposition you are asserting to be true? I would cite a Stone Street Partners case, and I can't remember the specific citation, Your Honor, but there is a Stone Street Partners case that holds that circuit courts can review void decisions. But I want to get to the unique feature of this case, which distinguishes it from the Campos case Your Honor was referring to, which is that we do not have an adequate statewide remedy. The case I was referring to is called Easterland. Okay. The fact that the Illinois appellate courts have said, we are going to reward only the first person to bring defects to light and foreclose all other people subject to the same problem, which the Illinois courts have recognized is a problem. It is a violation of state law. That is what makes this a Mischalowitz v. Bedford Park case. I don't think so. The success of your state law remedy isn't determinative of whether there is a due process violation. If you have a state law remedy, if you lose, that is no concern to a federal court. Our complaint is not arguing about losing. It is arguing about the fact that no one can challenge the defects after the very first person. In other words, there is no state law remedy for the fact that I, as a sworn police officer or sworn deputy sheriff You may be aware of a series of cases in which the Supreme Court of Illinois said that a particular jury instruction was invalid as a matter of state law. Then they held that that decision would not be applied retroactively. We held that that created a problem of federal law. We got reversed nine to nothing for that. You're asking us to do the same thing again. What we have here is different, though, because we have due process hearings that involve liberty interests of police officers to pursue their sworn occupations. The case I'm referring to involved somebody who was sent to prison for life as a result of the Supreme Court of Illinois' decision not to apply a state law decision retroactively. He was in prison for life. We said that was a constitutional problem. The Supreme Court of the United States said it was a state law problem. We're submitting that this is a constitutional problem because, number one, it's a rampant pattern that continued by the sheriff's office after the original Taylor ruling in 2014. He kept on doing it. He kept on appointing short-term members, non-staggered term members, holdover members who sat there beyond their term and were not reappointed. Beyond their term is a problem of Illinois law. If you're having a problem with Illinois law, you go to Illinois courts. If you don't like the results of Illinois courts, you go to the Supreme Court of Illinois. You don't come to federal court. This is very simple. But what if the state courts rule that, yes, it's wrong, but only the first person to bring it to our attention? It's called non-retroactivity. That's not how they've ruled. Non-retroactivity does not violate any doctrine of federal law. Sorry. But the issue here is that some of these plaintiffs, the board continued to operate with the defects. So it's not even a matter of retroactivity versus prospectivity. It's a matter of wanting the Illinois decision. I think I have laid out the problem. You're making a sanctionably frivolous argument. Do you really want to continue? Well, in light of Your Honor's comment, if there's no further questions, I will yield. Thank you. Ms. Sharps. Good morning. I thought I would begin by asking if Your Honor's had any questions specifically for me. Could you raise your voice a little bit? Yes. I'm afraid my cold has gotten to me. I thought I would begin by asking if Your Honor's had any specific questions to ask of me. And then you will quit if we have no specific questions? Pardon me? Then you will quit if we have no specific questions? I probably will make a one-minute argument. I think what this case boils down to, Your Honor, is yes, due process is satisfied by the administrative review law, as has been set forth in many Seventh Circuit cases, most recently Osterlin. The difference here might be the notion that somehow the de facto officer doctrine defeats due process. And we know from Illinois decisions itself, which applied the de facto officer doctrine to the Cook County Sheriff's Merit Board decisions, that even in that context, and I refer Your Honor's, for example, to the Cruz and Lopez appellate decisions, first district appellate decisions in the Illinois appellate court, that even though the merit board decision was deemed valid, those courts went on to review the evidence and whether the decision based on the evidence was against the manifest weight of the evidence or whether the discipline was arbitrary and unreasonable. So even combined with the de facto officer doctrine, there continues to be due process available. Two plaintiffs who take . . . two plaintiffs in this case did not take their merit board decisions for administrative review law review in the Illinois state court. Other plaintiffs did not appeal to the first district Illinois appellate court their unhappiness with what the state court did. And so I won't get into is that waiver or not. I think the bottom line is there is due process through the administrative review law, through the appellate court decision, and even, as we note in a footnote in the state quo, Warranto statute. If there are no further questions, Your Honor. Thank you, Counsel. Anything further, Mr. Casford? Nothing further, Your Honors. Thank you for your time and attention on this matter. Thank you. The case is taken under advisement.